IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

*************************************************************************

| | | |
|---|---|---|
| **CHRISTOPHER PRINCE,** | * | CIVIL ACTION-LAW |
| | * | |
| Plaintiff, | * | Case No.: |
| | * | |
| v. | * | |
| | * | |
| **CORIZON HEALTH, INC., COUNTY OF ALLEGHENY, David Humpries CENP, Dr. Michael Patterson, Caitlin Lee, Deputy Warden Monica Long, Deputy Superintendent Emrick, Assistant Health Services Administrator Barfield, Superintendent Orlando Harper** | * * * * * * | JURY TRIAL DEMANDED |
| Defendants. | | |

*************************************************************************

## COMPLAINT IN CIVIL ACTION

AND NOW COMES Plaintiff, Christopher Prince, by and through the undersigned counsel, and files the following Complaint and avers as follows:

### INTRODUCTION

1. This case is brought pursuant to section 1983 of the Civil Rights Act 42 U.S.C. 1983 for violations of the Plaintiff's rights under the Eighth Amendment of the United States Constitution. Specifically, Plaintiff alleges that the Defendants' policies and actions relating to Plaintiff's serious medical condition rose to the level of deliberate indifference in violation of the Eighth Amendment's prohibition against cruel and unusual punishment.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. 1331 over the constitutional claims contained in this Complaint as well as the claims arising under 42 U.S.C. 1983.

3. Venue is proper as all events giving rise to this action occurred within the Western District and it is believed that all defendants reside within the district.

## PARTIES

4. Mr. Prince is an adult individual who was incarcerated at the Allegheny County Jail during the time of the events described in this Complaint. Mr. Prince is currently incarcerated at SCI Greene where he continues to suffer from his maltreatment at the Allegheny County Jail.

5. Corizon Health, Inc., is a corporation with a principle place of business located at 105 Westpark Drive, Brentwood, Tennessee 37027 which operates in various capacities throughout the Commonwealth of Pennsylvania.

6. Defendant Allegheny County is a county government organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business at 436 Grant Street, Pittsburgh Pennsylvania 15219. Allegheny County is in possession and control of the Allegheny County Jail, located at 950 Second Avenue, Pittsburgh, Pennsylvania 15219.

7. Upon information and belief, David Humpries CENP was employed by Corizon Health, Inc on October 29, 2013, with his principle place of business being 950 Second Avenue, Pittsburgh, Pennsylvania. David Humpries is sued in this action in his individual capacity and in his official capacity as a county employee or contractor.

8. Upon information and belief, Dr. Michael Patterson was and is employed as a Doctor for Corizon Health, Inc. at the Allegheny County Jail with his principle place of business being 950 Second Avenue, Pittsburgh, Pennsylvania. Defendant Dr. Patterson is sued in this action in his individual capacity and in his official capacity as a county employee or contractor.

9. Upon information and belief, Caitlin Lee is a counselor at the Allegheny County Jail with her principle place of business being 950 Second Avenue, Pittsburgh, Pennsylvania. Defendant Lee is sued in this action in her individual capacity and in her official capacity as a county employee.

10. Upon information and belief, Deputy Warden Monica Long is a corrections officer at the Allegheny County Jail with her principle place of business being 950 Second Avenue, Pittsburgh, Pennsylvania. Defendant Long is sued in this action in her individual capacity and in her official capacity as a county employee.

11. Upon information and belief, Deputy Superintendent Erik Emrick is a corrections officer at the Allegheny County Jail with his principle place of business being 950 Second Avenue, Pittsburgh, Pennsylvania. Defendant Emrick is sued in this action in his individual capacity and in his official capacity as a county employee.

12. Upon information and belief, Assistant Health Services Administrator Barfield is an employee of Corizon Health Services inc. and/or Allegheny County Jail with his principle place of business being 950 Second Avenue, Pittsburgh, Pennsylvania. The Plaintiff does not presently know Assistant Health Services Administrator Barfield's first name. Defendant Barfield is sued in this action in his individual capacity and in his official capacity as a county employee or contractor.

13. Upon information and belief, Superintendent Orlando Harper is a corrections officer at the Allegheny County Jail with his principle place of business being 950 Second Avenue, Pittsburgh, Pennsylvania. Defendant Harper is sued in this action in his individual capacity and in his official capacity as a county employee.

## CASE BACKGROUND

14. In September of 2013, Corizon Health, Inc. was hired by Allegheny County to provide medical care and health operations at the Allegheny County Jail, replacing the non-profit entity, Allegheny County Correctional Health Services.

15. Corizon is a for-profit entity and as such they have an interest in keeping inmate medical costs low in order to bolster their profits.

16. On December 15, 2014 the Allegheny County Office of Controller published an examination report detailing Corizon's compliance titled, "Examination Report on Corizon Health Inc.'s Compliance with Contract #154946 with Allegheny County for the Period September 1, 2013 Through February 28, 2014." (Hereinafter, the "Corizon Report")

17. The Corizon Report found that Corizon and Allegheny County Jail were not accredited by the National Commission on Correctional Health Care as Corizon had not complied with reporting requirements.[1]

18. The Corizon Report found that Corizon failed to maintain required staffing levels for essential medical staff [2] and the report found that Corizon has not maintained complete and accurate inmate medical records.[3]

---

[1] County of Allegheny Office of Controller: Examination Report on Corizon Health Inc.'s Compliance with Contract #154946 with Allegheny County for the Period September 1, 2013 Through February 28, 2014. 9-12 (2014)

4

19.     The most relevant findings from the Corizon Report are that Corizon has not provided inmates with required clinical care[4], Corizon has not demonstrated that an appropriate process was used to prioritize inmate sick calls[5], and Corizon has not responded to inmate medical requests in a timely manner[6].

## FACTS

20.     While in the custody and care of Allegheny County Jail, Christopher Prince broke his leg on October 28, 2013, less than two months after Corizon Healthcare, Inc. took control of Allegheny County Jail medical services.

21.     Following his injury Mr. Prince asked prison staff to be taken for medical care. His leg was examined and he was told by staff that he would receive an x-ray in the morning.

22.     On October 29, 2013, Mr. Prince received an x-ray at Allegheny County Jail and Dave Humpries CENP, confirmed that Mr. Prince had indeed broken his leg and told him that he would need to go to the hospital for surgery to repair his leg. Rather than keep Mr. Prince in the jail infirmary, plaintiff was given a temporary splint and placed back in the general prison population to await transport to the hospital.

23.     On or around October 31, 2013, plaintiff fell for a second time causing further injury to his leg. Officer Gamboa called a medical emergency and requested that Mr. Prince be transported for medical care. Plaintiff was taken to the jail medical department and examined, but they sent him back to the general prison population without treatment. There is no legitimate reason that Mr. Prince should not have been provided with appropriate medical care at this time.

---

[2] *Id* at 14-16.
[3] *Id* at 17-20.
[4] *Id* at 24.
[5] *Id* at 34.
[6] *Id* at 34

5

24. On November 4, 2013, eight days after his initial injury, Mr. Prince directed a grievance to Counselor Caitlin Lee requesting medical transport for his broken leg. Counselor Lee responded that she had contacted the medical department.

25. On November 4, 2013, eight days after his initial injury, Mr. Prince also directed a grievance to Deputy Emrick requesting medical transport and stating that he was in severe pain. Deputy Warden Long forwarded Mr. Prince's request to Mr. Barfield, the jail Assistant Health Services Administrator.

26. On November 6, 2013, ten days after his initial injury, Mr. Prince filed a grievance with Deputy Emrick stating that he was in great pain and that his pain medication was inadequate and again asking why he had not been transported to the hospital.

27. Plaintiff's final grievance filed with Allegheny Jail was never responded to by the jail and as such, Mr. Prince has exhausted his administrative remedies or the grievance system was futile.

28. On or around November 7, 2013, eleven days after his initial injury, Mr. Prince was examined by Dave Humpries CENP and Dr. Michael Patterson was again told that he would be going to the hospital soon.

29. On November 12, 2013, after sixteen days of extreme pain and agony, plaintiff was finally taken to an orthopedic surgeon for examination where he was informed that his right leg was broken and his ankle was severely dislocated.

30. On November 18, 2013, twenty-two days after his initial injury, Mr. Prince had his leg re-broken by UPMC medical staff and received the surgery he desperately needed for his injuries. He has been informed that he may never regain full mobility in that leg and he constantly suffers pain due to the hardware now permanently installed in his leg.

31.     As the direct, proximate, and factual result of the conduct of the defendants, the Plaintiff, Christopher Prince, has suffered the following damages:

    a. Plaintiff has suffered facial contusions, a dislocated ankle and serious injury to his leg;

    b. plaintiff's leg and mobility may be permanently impaired;

    c. he has unnecessarily endured great pain, suffering, inconvenience, embarrassment, mental anguish, emotional and psychological trauma;

    d. he may be required in the future to incur expenses for medical treatment and care, medical supplies, rehabilitation treatment, medicines and other attendant services;

    e. he may sustain a loss in earning capacity;

    f. his general health, strength and vitality have been impaired;

    g. he has been and may in the future be unable to enjoy the various pleasures of life;

    h. he has in the past, and may continue in the future, to experience severe pain and suffering; and

    i. he has been required, and may continue in the future, to treat with various medical providers, physicians, surgeons and physical therapists.

32.     Plaintiff also suffered diminished access to prison programming and services due to his immobility and the inability of Allegheny County Jail to provide proper accommodation.

33.     As a result of Defendants' failure to meet Plaintiffs needs for mobility assistance and accommodation, and their failure to provide safe and appropriate housing, Plaintiff was forced to suffer further physical injury, mental anguish, anxiety and fear that he would be further injured.

## COUNT I – PLAINTIFF V. ALL DEFENDANTS - SECTION 1983 VIOLATION OF EIGTH AMENDMENT PROHIBITION AGAINST CRUEL AND UNUSUAL PUNISHMENT

34. Plaintiff hereby incorporates by reference the allegations contained in the above paragraphs 1 to 33 of this Complaint as if fully set forth herein.

35. At all times material hereto, the Defendant Allegheny County was responsible for the operations and policies of the Allegheny County Jail in all material respects and for the conduct of their contractor, Corizon.

36. At all times material hereto, Defendant Corizon Health Inc. was responsible for the development and/or promulgation of appropriate policies and practices for the medical care of inmates and to provide for the medical care and well being of all inmates in Allegheny County Jail.

37. At all times material hereto, Dave Humpries CENP was responsible for ensuring that proper medical treatment was provided to inmates under his care.

38. At all times material hereto, Dr. Michael Patterson was responsible for ensuring that proper medical treatment was provided to inmates under his care.

39. At all times material hereto, Counselor Caitlin Lee was responsible for ensuring the well being of inmates under her care.

40. At all times material hereto, Deputy Warden Monica Long was responsible for ensuring the well being of inmates under her care.

41. At all times material hereto, Deputy Superintendent Emrick was responsible for ensuring the well being of inmates under his care and ensuring that other jail employees were dutifully performing their jobs.

42. At all times material hereto, Superintendent Harper was responsible for ensuring the well being of inmates under his care and ensuring that other jail employees were dutifully performing their jobs.

43. At all times material hereto, Assistant Health Services Administrator Barfield was responsible for ensuring that proper medical treatment was provided to inmates under his care.

44. Defendants Allegheny County and Corizon were deliberately indifferent to the rights and serious medical needs of Plaintiff by failing to properly implement or execute policies or procedures ensuring that inmates received proper medical care. Allegheny County's own Corizon Report shows that both the County and Corizon have displayed a pattern and practice of such failures and that the cruel and unusual torment Plaintiff endured could have been averted with a change in policy or adherence to procedures that may have been in place.

45. Defendant's Allegheny County and Corizon are also directly, proximately and vicariously liable by failing to properly train, review, assign, oversee, supervise, manage, discipline or control all other listed defendants and have exhibited a pattern and practice of such behavior.

46. All defendants, through their deliberate indifference to Mr. Prince's serious need for medical care and appropriate accommodations, caused him to suffer physical pain and emotional distress to an unconscionable degree well in excess of that which normally attends prison life.

47. It is believed and therefore averred that all defendants were personally involved in the formation of Corizon and Allegheny County Jail policies and practices and as such they contributed to the pattern and practice of denying inmates medical care.

48. As the direct, proximate, and factual result of the conduct of the defendants, the

Plaintiff, Christopher Prince, has suffered the following damages:

    a. Plaintiff has suffered facial contusions, a dislocated ankle and serious injury to his leg;

    b. plaintiff's leg and mobility may be permanently impaired;

    c. he has unnecessarily endured great pain, suffering, inconvenience, embarrassment, mental anguish, emotional and psychological trauma;

    d. he may be required in the future to incur expenses for medical treatment and care, medical supplies, rehabilitation treatment, medicines and other attendant services;

    e. he may sustain a loss in earning capacity;

    f. his general health, strength and vitality have been impaired;

    g. he has been and may in the future be unable to enjoy the various pleasures of life;

    h. he has in the past, and may continue in the future, to experience severe pain and suffering; and

    i. he has been required, and may continue in the future, to treat with various medical providers, physicians, surgeons and physical therapists.

## COUNT II – PLAINTIFF v. Dave Humpries CENP and Dr. Michael Patterson - NEGLIGENCE

49. Plaintiff hereby incorporates by reference the allegations contained in the above paragraphs 1 to 48 of this Complaint as if fully set forth herein.

50. Plaintiff's injuries, damages and failure to receive timely medical care were a direct and proximate result of the negligence of Dave Humpries CENP and Dr. Michael Patterson in the following particulars:

   a. failing to properly read, view and/or interpret Plaintiff's x-rays;

   b. by improperly assessing Plaintiff's medical needs and remaining indifferent to his need for urgent medical care;

   c. in failing to send Plaintiff to the hospital when it was determined he had a broken leg or in failing to properly and/or adequately seek consultation or collaboration from appropriate medical institutions;

   d. by sending Plaintiff back to the general prison population when it was determined he had a broken leg;

   e. in failing to place Plaintiff in the prison infirmary where he could be closely monitored;

   f. in failing to properly examine Plaintiff to determine he had suffered a dislocated ankle;

   g. in releasing Plaintiff to the general prison population and failing to send Plaintiff to the hospital after he had fallen for a second time;

h. in failing to timely, properly, and/or adequately recommend or administer appropriate medications to Plaintiff under the circumstances;

i. failing to properly conform to accepted standards of medical practice in the diagnosis, treatment and medical management of Mr. Prince;

j. failing to possess and/or exercise adequate medical skills, knowledge, experience and techniques for the proper treatment of Mr. Prince; and

k. in failing to timely, properly and/or adequately communicate with others regarding Mr. Prince's examinations, medical test results and plan of care.

51. As the direct, proximate, and factual result of the conduct of the defendants, the Plaintiff, Christopher Prince, has suffered the following damages:

a. Plaintiff has suffered facial contusions, a dislocated ankle and serious injury to his leg;

b. plaintiff's leg and mobility may be permanently impaired;

c. he has unnecessarily endured great pain, suffering, inconvenience, embarrassment, mental anguish, emotional and psychological trauma;

d. he may be required in the future to incur expenses for medical treatment and care, medical supplies, rehabilitation treatment, medicines and other attendant services;

e. he may sustain a loss in earning capacity;

f. his general health, strength and vitality have been impaired;

g. he has been and may in the future be unable to enjoy the various pleasures of life;

h. he has in the past, and may continue in the future, to experience severe pain and suffering; and

    i. he has been required, and may continue in the future, to treat with various medical providers, physicians, surgeons and physical therapists.

## COUNT III – PLAINTIFF v. CAITLIN LEE, DEPUTY WARDEN MONICA LONG, DEPUTY SUPERINTENDENT EMRICK, ASSISTANT HEALTH SERVICES ADMINISTRATOR BARFIELD, SUPERINTENDENT HARPER - NEGLIGENCE

52. Plaintiff hereby incorporates by reference the allegations contained in the above paragraphs 1 to 51 of this Complaint as if fully set forth herein.

53. Plaintiff's injuries, damages and failure to receive timely medical care were a direct and proximate result of the negligence of Caitlin Lee, Deputy Warden Monica Long, Deputy Superintendent Emrick, Superintendent Harper and Assistant Health Services Administrator Barfield in the following particulars:

    a. Ignoring Plaintiff's verbal and written requests for medical care and treatment;

    b. By allowing improper assessment of Plaintiff's medical needs and remaining indifferent to his need for urgent medical care;

    c. in failing to send Plaintiff to the hospital when it was determined he had a broken leg or in failing to properly and/or adequately seek consultation or collaboration from appropriate medical institutions;

    d. by sending Plaintiff back to the general prison population when it was determined he had a broken leg;

    e. in failing to place Plaintiff in the prison infirmary where he could be closely monitored;

    f. in releasing Plaintiff to the general prison population and failing to send Plaintiff to the hospital after he had fallen for a second time;

g. in failing to timely, properly and/or adequately communicate with others regarding Mr. Prince's examinations, medical test results and plan of care;

h. in failing to properly follow up with Plaintiff in light of his repeated medical requests;

i. in failing to timely, properly or adequately refer or transfer Plaintiff to appropriate medical institutions, specialists, or physicians for needed medical care;

j. in failing to adopt, maintain or follow policies or practices with regard to diagnosing, assessing, treating or providing for the medical care of inmates at Allegheny County Jail such as Plaintiff;

k. in failing to properly follow protocol related to or follow up on inmate grievances and medical staff treatment requests;

l. in failing to give significance to the findings and/or diagnoses of others involved in Plaintiff's care and treatment;

m. in failing to properly supervise, train or assist any employees who may have been within their control at the time of the incident.

54. As the direct, proximate, and factual result of the conduct of the defendants, the Plaintiff, Christopher Prince, has suffered the following damages:

a. Plaintiff has suffered facial contusions, a dislocated ankle and serious injury to his leg;

b. plaintiff's leg and mobility may be permanently impaired;

c. he has unnecessarily endured great pain, suffering, inconvenience, embarrassment, mental anguish, emotional and psychological trauma;

d. he may be required in the future to incur expenses for medical treatment and care, medical supplies, rehabilitation treatment, medicines and other attendant services;

e. he may sustain a loss in earning capacity;

f. his general health, strength and vitality have been impaired;

g. he has been and may in the future be unable to enjoy the various pleasures of life;

h. he has in the past, and may continue in the future, to experience severe pain and suffering; and

i. he has been required, and may continue in the future, to treat with various medical providers, physicians, surgeons and physical therapists.

## COUNT IV – PLAINTIFF v. ALLEGHENY COUNTY - NEGLIGENCE

55.    Plaintiff hereby incorporates by reference the allegations contained in the above paragraphs 1 to 54 of this Complaint as if fully set forth herein.

56.    Plaintiff's injuries and damages were a direct and proximate result of the negligence of Allegheny County. in the following particulars;

a. in failing to adopt, maintain or follow policies or practices with regard to diagnosing, assessing, treating or providing for the medical care of inmates at Allegheny County Jail such as Mr. Prince;

b. in failing to hire, supervise, and/or maintain competent corrections officers and medical staff;

c. in failing to timely, properly and/or adequately monitor the availability and competency of the members of its medical staff and prison staff and the adequacy of their inmate care and treatment;

d. in failing to investigate whether their employees and agents were complying with applicable policies and customs and/or violating inmate's constitutional rights;

e. in failing to timely, properly and/or adequately have in place medical review procedures or medical request follow-up procedures so that they could obtain knowledge regarding the performance of their officers, employees, doctors, nurses, physician assistants and healthcare personnel regarding the quality of their patient care, their availability, and their compliance with prison policies and procedures;

f. in failing to provide adequate medical staff for the number of inmates at Allegheny County Jail;

g. systemically, regularly and continuously delaying and allowing the delay of the proper treatment of Plaintiff's condition, which should have been obvious to defendant;

h. in failing to keep proper inmate records and grievance records related to Plaintiff;

i. in failing to properly follow up with Plaintiff in light of his repeated medical requests, symptoms and complaints;

j. in failing to give significance to the findings and/or diagnoses of others involved in Plaintiff's care and treatment;

    k.   in failing to insure and maintain a continuity of care and communication between health care professionals and their respective staffs with respect to Mr. Prince and his medical condition.;

    l.   in engaging in a pattern and practice of denying inmates medical care; and

    m.   in failing to hold employees and contractors accountable for inmate care under established treatment policies and protocols.

57.    As the direct, proximate, and factual result of the conduct of the defendants, the Plaintiff, Christopher Prince, has suffered the following damages:

    a.   Plaintiff has suffered facial contusions, a dislocated ankle and serious injury to his leg;

    b.   plaintiff's leg and mobility may be permanently impaired;

    c.   he has unnecessarily endured great pain, suffering, inconvenience, embarrassment, mental anguish, emotional and psychological trauma;

    d.   he may be required in the future to incur expenses for medical treatment and care, medical supplies, rehabilitation treatment, medicines and other attendant services;

    e.   he may sustain a loss in earning capacity;

    f.   his general health, strength and vitality have been impaired;

    g.   he has been and may in the future be unable to enjoy the various pleasures of life;

    h.   he has in the past, and may continue in the future, to experience severe pain and suffering; and

    i.   he has been required, and may continue in the future, to treat with various medical providers, physicians, surgeons and physical therapists.

## COUNT V. PLAINTIFF v. CORIZON HEALTHCARE, Inc. Negligence

58. Plaintiff hereby incorporates by reference the allegations contained in the above paragraphs 1 to 57 of this Complaint as if fully set forth herein.

59. Plaintiff's injuries and damages were a direct and proximate result of the negligence of Corizon Healthcare, Inc. in the following particulars;

   a. in failing to adopt, maintain or follow policies or practices with regard to diagnosing, assessing, treating or providing for the medical care of inmates at Allegheny County Jail such as Mr. Prince;

   b. in failing to hire, supervise, and/or maintain competent medical staff;

   c. in failing to timely, properly and/or adequately monitor the availability and competency of the members of its medical staff and the adequacy of their inmate care and treatment;

   d. in failing to investigate whether their employees and agents were complying with applicable policies and customs and/or violating inmate's constitutional rights;

   e. in failing to timely, properly and/or adequately have in place medical review procedures or medical request follow-up procedures so that they could obtain knowledge regarding the performance of their employees, doctors, nurses, physician assistants and healthcare personnel regarding the quality of their patient care, their availability, and their compliance with prison policies and procedures;

   f. in failing to provide adequate medical staff for the number of inmates at Allegheny County Jail;

   g. systemically, regularly and continuously delaying the proper treatment of Plaintiff's condition, which should have been obvious to defendant;

    h. in failing to properly follow up with Plaintiff in light of his repeated medical requests, symptoms and complaints;

    i. in failing to keep accurate and detailed medical records;

    j. in failing to give significance to the findings and/or diagnoses of others involved in Plaintiff's care and treatment;

    k. in failing to insure and maintain a continuity of care and communication between health care professionals and their respective staffs with respect to Mr. Prince and his medical condition.

60. As the direct, proximate, and factual result of the conduct of the defendants, the Plaintiff, Christopher Prince, has suffered the following damages:

    a. Plaintiff has suffered facial contusions, a dislocated ankle and serious injury to his leg;

    b. plaintiff's leg and mobility may be permanently impaired;

    c. he has unnecessarily endured great pain, suffering, inconvenience, embarrassment, mental anguish, emotional and psychological trauma;

    d. he may be required in the future to incur expenses for medical treatment and care, medical supplies, rehabilitation treatment, medicines and other attendant services;

    e. he may sustain a loss in earning capacity;

    f. his general health, strength and vitality have been impaired;

    g. he has been and may in the future be unable to enjoy the various pleasures of life;

    h. he has in the past, and may continue in the future, to experience severe pain and suffering; and

    i. he has been required, and may continue in the future, to treat with various medical providers, physicians, surgeons and physical therapists.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, prays for:

a. Declaratory judgment that Defendants violated Mr. Prince's constitutional, civil and statutory rights;

b. An award of appropriate compensatory and punitive damages against each Defendant in favor of Mr. Prince;

c. Awards of attorney's fees, costs, and litigation expenses associated with the prosecution of this action ;

d. For such other and further relief as the Court may deem proper.

## JURY DEMAND

Plaintiff requests a trial by jury with respect to all matters and issues properly triable by a jury.

DATED: 9/15/2105

                Respectfully submitted,

                ___/s LOUIS KROECK_____

                Louis Kroeck