2002318

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER PRINCE, | ) |
| Plaintiff, | ) Civil Action No. 15-1202 |
| v. | ) |
| CORIZON HEALTH, INC., et al., | ) |
| Defendants. | ) |

### REPLY BRIEF IN FURTHER SUPPORT OF CORIZON HEALTH, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Corizon Health, Inc. submits the within Reply Brief pursuant to this Court's order of November 16, 2015.

The crux of plaintiff's deliberate indifference claim is that he was "needlessly denied" medical care for over two weeks for no apparent reason. (ECF No. 14, Plaintiff's Brief in Opposition, p. 5). Plaintiff seems to conveniently ignore the timeline of events that he set forth in his Complaint. Further breakdown of that timeline shows that the specialist recommended surgery on November 12 and surgery happened on November 18. Likewise, the x-ray (done the day after the fall) was October 29 and Mr. Prince was seen by a specialist on November 12. The surgeon would have set the date and timing of surgery. Moreover, two weeks to see an outside specialist is not a delay especially when considering that plaintiff was seen and followed between the specialist appointments within the Allegheny County Jail.

It is not clear how Corizon or any defendant could have ignored plaintiff's request for a surgeon when he was seen by an outside orthopedic specialist and had surgery within three weeks of the fall. In addition to these referrals, Mr. Prince was also seen by providers in the

Allegheny County Jail.  While plaintiff may have wanted surgery perhaps even the same day as the fall, what he wants and does not get cannot equate to a constitutional violation.  The burden for deliberate indifference even at the motion to dismiss stage is significant.  The *Williams* case may have been at a different procedural stage but it does not change the timeline of events and finding that three weeks between an event and surgery is not deliberate indifference.  *See also, Franco-Calzada v. U.S.*, 375 Fed. Appx. 217 (3rd Cir. 2010) (affirming sua sponte dismissal of complaint that alleged 13 day delay in surgery).  Even taking as true all of plaintiff's allegations as to what happened and when regarding his injury, care and follow up, plaintiff cannot support a claim of deliberate indifference.

   Ironically, plaintiff claims that Corizon failed to have in place polices to provide adequate medical care yet clearly policies exist as they were triggered and followed enabling Mr. Prince to receive an x-ray, follow up care, referral to an outside specialist and then surgery.  The only support for plaintiff's policy claims is the Allegheny County Controller's Report, which has not even been included as an exhibit and as noted by the Allegheny County defendants, is not even admissible and should be stricken.  Corizon incorporates herein the County's position on the Controller's Report.

   Plaintiff's claims are not that there was improper reporting to the National Commission on Correctional Health Care that in any way caused or contributed to his claimed harm nor is he claiming that accuracy or lack thereof in his medical records caused or contributed to any harm.  Similarly, he is not alleging that inadequate staffing levels caused or contributed to his harm or that sick calls or inmate requests went unanswered.  The various medical encounters within and outside of the Allegheny County Jail show that clinical care was provided including the surgery.  It remains unclear what policies or procedures plaintiff claims directly caused a violation of his

constitutional rights.  Plaintiff has made no attempt to correlate his medical condition and care with the general conclusions reached in the Controller's Report.

As the facts of this matter do not rise to the level of constitutional violations, amendment would be futile.  For all these reasons and as set forth in Corizon's Brief in Support of Motion to Dismiss, Corizon Health, Inc. requests that plaintiff's Complaint be dismissed.

Respectfully submitted,

MEYER UNKOVIC & SCOTT, LLP


*/s/ Kathryn M. Kenyon*
Kathryn M. Kenyon, Esquire
PA ID. # 82262
535 Smithfield Street, Suite 1300
Pittsburgh, PA 15222
(412) 456-2840
kmk@muslaw.com

*Counsel for Defendant, Corizon Health*

2002318

## CERTIFICATE OF SERVICE

I hereby certify that on November 25, 2015, a true and correct copy of the foregoing **REPLY BRIEF** was filed electronically.  Parties may access this filing through the Court's ECF/PACER system.

                    MEYER UNKOVIC & SCOTT LLP

                    */s/ Kathryn M. Kenyon*
                    Kathryn M. Kenyon, Esquire