2057758

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER PRINCE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.  15-1202 |
| | ) | |
| v. | ) | |
| | ) | |
| CORIZON HEALTH, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**BRIEF IN SUPPORT OF DR. BARFIELD'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT**

Dr. Michael Barfield submits the within Brief in Support of his Motion to Dismiss plaintiff's Complaint:

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

Dr. Barfield (identified in the caption as Assistant Health Services Administrator Barfield) is named in plaintiff's Complaint in paragraphs 12 and 25 and then lumped in with the other named defendants in Count I claiming a violation of § 1983 and Count III claiming negligence.  (ECF No. 1, Complaint).

Plaintiff, Christopher Prince, was at the Allegheny County Jail on October 28, 2013 when he broke his leg and asked prison staff to be taken for medical care, where he was examined and told he would receive an x-ray the next day.  (ECF No. 1, Complaint, paras. 4, 20, 21).  Mr. Prince acknowledges receiving the x-ray on October 29, 2013 and alleges he was told by Nurse Practitioner Humpries that his leg was broken and he would need to go to the hospital for surgery.  (Complaint, para. 22).  Mr. Prince was given a temporary splint and sent back to the general population to wait transport to the hospital.  (*Id*.).

Mr. Prince alleges that he fell again on October 31, 2013 further injuring his leg, was taken to the medical department, examined and then sent back to general population without treatment. (Complaint, para. 23). Mr. Prince claims that on November 4, 2013, he submitted grievances to Counselor Caitlin Lee and Deputy Emrick requesting medical transport. (Complaint, paras. 24, 25). He maintains that Deputy Long forwarded his request for medical transport to Dr. Barfield. (Complaint, para. 25).

Per Mr. Prince, Mr. Humpries and Dr. Patterson examined Mr. Prince on November 7, 2013 and indicated that Mr. Prince would soon be going to the hospital. (Complaint, para. 28). On November 12, 2013, Mr. Prince was taken to an orthopedic surgeon for examination and told his right leg was broken and his ankle dislocated. (Complaint, para. 29). He had surgery on November 18, 2013. (Complaint, para. 30).

Count I of the Complaint claims a violation of § 1983 as to all defendants but does not specify how Dr. Barfield was deliberately indifferent to Mr. Prince other than a general conclusion that all defendants were personally involved in the formation of policies contributing to the pattern and practice of denying inmates medical care. Count III of the Complaint claims negligence by a number of individuals including Dr. Barfield and raises a number of theories, none of which are connected to Dr. Barfield per the earlier pled factual allegations.

## II.      ARGUMENT

### A.      Standard For Dismissal Under Rule 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The United States Supreme Court's decisions in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009), altered the manner in

which courts are to analyze a Rule 12(b)(6) motion to dismiss. Specifically, the Supreme Court rejected the proposition that a complaint may not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him or her to relief. Phillips v. County of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008).

The factual allegations in a complaint must be "enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. A complaint must set forth facts suggestive of the proscribed conduct sufficient to raise a reasonable expectation that discovery will reveal evidence of the necessary elements of a cause of action. Phillips, 515 F.3d at 233-234.

If a plaintiff does not show more than that his or her claim is merely conceivable, dismissal of the complaint is warranted. Twombly, 550 U.S. at 570. As the Supreme Court pointed out in Twombly, dismissal because a complaint has not crossed the plausibility threshold allows the court to expose the deficiency at "'the point of minimum expenditure of time and money by the parties and the court," before the costly discovery phase begins. Twombly, 550 U.S. at 558 (citations omitted).

As part of its consideration of whether to dismiss a plaintiff's complaint, Iqbal provides that a court is to consider "more likely explanations" for the allegations in determining whether they plausibly give rise to the claim asserted and allows judges to draw upon their experience and common sense in determining whether a complaint should be dismissed for failure to state a plausible claim for relief. Iqbal, 556 U.S. at 662-3.

> **B.     Plaintiff Cannot Set Forth A Viable Claim Of Deliberate Indifference As To Dr. Barfield.**

To state a claim under § 1983 for deliberate indifference, Mr. Prince must establish (1) that he suffered from a "serious medical need," and (2) that Dr. Barfield was "deliberately

3

indifferent" to the serious medical need in question. Nicini v. Morra, 212 F.3d 798 (3d Cir. 2000); Estelle v. Gamble, 429 U.S. 97, 106 (1976); Wilson v. Seiter, 501 U.S. 294 (1991) (emphasis added). Plaintiff's § 1983 claim fails because he cannot establish knowing disregard by any defendant of a substantial risk to Mr. Prince's health or safety.

Accepting as true plaintiff's allegations for purposes of the motion to dismiss, a grievance that Mr. Prince wrote to Deputy Emrick on November 4, 2013 was forwarded by Deputy Long to Dr. Barfield. (Complaint, para. 25). Mr. Prince does not say on which date Dr. Barfield purportedly received the grievance but he does indicate that he was seen by medical personnel at the jail on November 7, 2013, by an outside orthopedic surgeon on November 12, 2013 and had surgery on November 18, 2013. It is not clear how a window of time of at most three days and perhaps even less could constitute deliberate indifference especially where there is no claim that Dr. Barfield provided any medical care. The only claim is that he received a grievance, which is insufficient to give rise to a deliberate indifference claim. See, Tenon v. Dreibelbis, 606 Fed. Appx. 681, 688 (3rd Cir. 2015) (citations omitted) ("merely responding to or reviewing an inmate grievance does not rise to the level of personal involvement necessary to allege an Eighth Amendment deliberate indifference claim").

Per Mr. Prince's own allegations, he was seen several times by medical personnel. There is no allegation that the outside orthopedic surgeon thought surgery was emergent as the surgeon did not arrange for surgery until six days after seeing Mr. Prince. There is no allegation that Dr. Barfield in any way caused a delay in or interfered with Mr. Prince receiving medical care or attention. Where an inmate such as Mr. Prince is under the care of medical personnel, non-medical personnel such as Dr. Barfield are justified in believing the inmate is in capable hands; thus, even if this Court assumes Dr. Barfield failed to respond to the grievance, there can be no

4

viable claim of deliberate indifference.  See, Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004); Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993).

For these reasons, Dr. Barfield requests that plaintiff's claims of deliberate indifference be dismissed as a matter of law.

### C. Motion to Dismiss – Fed. R. Civ. P. 41 (b) – Involuntary Dismissal for Failure to File a Certificate of Merit

Count III of plaintiff's Complaint includes a claim of negligence and is based per the listed subparagraphs on the failure of Dr. Barfield among others to make appropriate medical decisions.  It appears that the negligence theory makes a claim of professional liability yet plaintiff did not file a certificate of merit as to Dr. Barfield even though he did file certificates of merit as to Corizon, Dr. Patterson and Mr. Humpries.  (See, ECF Nos. 8-10).  Any state claim of professional liability must include a certificate of merit within sixty days after the Complaint is filed.  Pa.R.C.P. 1042.3(a).  Plaintiff's Complaint was filed back in September 2015 making a certificate of merit well overdue.  As such, Dr. Barfield seeks dismissal of Count III pursuant to Rule 41(b).

Pa.R.C.P. 1042.3 is recognized as substantive and therefore applicable to professional liability claims made in federal courts.  See Liggon-Redding v. Estate of Sugarman, 659 F.3d 258, 264 (3d Cir. 2011).  Plaintiff's failure to file a certificate of merit as to Dr. Barfield should make Count III ripe for dismissal pursuant to Fed.R.Civ. P. 41(b).

### D. Plaintiff Has Failed To State A Viable Claim As To Dr. Barfield.

As Dr. Barfield was not a medical provider, to the extent plaintiff's state law claims as to Dr. Barfield are not construed as ones of professional liability, plaintiff has still failed to state a viable claim.  As noted above, factually, Mr. Prince claimed that Dr. Barfield was forwarded a

grievance written to someone else. Within three days of the day the grievance was written (and perhaps less from when it was actually forwarded to Dr. Barfield), Mr. Prince was seen in the medical department. Within eight days of the day the grievance was written (and again, perhaps less from when it was received by Dr. Barfield), Mr. Prince saw an outside orthopedic specialist. It is not clear what duty Dr. Barfield owed to Mr. Prince nor how he breached that duty with the factual actions pled by plaintiff. There is no factual support for the various allegations in paragraph 53; those subparagraphs are simply conclusions that this Court per the standards set forth above does not have to blindly accept even at the motion to dismiss stage.

### E. The Complaint Fails To Support Plaintiff's Claim for Punitive Damages.

Punitive damages may only be awarded in the context of a § 1983 claim where the alleged conduct in question is proven to be motivated by evil motive or intent, or when it involves recklessness or callousness to the federally protected right of others. <u>Smith v. Wade</u>, 461 U.S. 30, 56 (1983). The allegations of the Complaint fail to plead facts that would demonstrate Dr. Barfield exhibited callousness or recklessness. The allegations fail to substantiate a claim of punitive damages as they do not suggest that Dr. Barfield acted with a bad motive or intent or exhibited extreme or outrageous conduct. Accordingly, plaintiff's demand for punitive damages should be dismissed.

### F. Without A Viable Federal Claim, This Court No Longer Has Jurisdiction

As plaintiff has not established a federal claim against Dr. Barfield, this Court should decline to exercise supplemental jurisdiction over any state law claims. See, 28 U.S.C. § 1367(c)(3).

## II.  CONCLUSION

For the foregoing reasons, plaintiff has failed to state any viable claim as to Dr. Barfield and defendant respectfully requests that plaintiff's Complaint be dismissed as a matter of law. Dr. Barfield incorporates herein any additional arguments made by co-defendants seeking dismissal of plaintiff's claims.

        Respectfully submitted,

        MEYER UNKOVIC & SCOTT, LLP

        */s/ Kathryn M. Kenyon*
        Kathryn M. Kenyon, Esquire
        PA ID. # 82262
        535 Smithfield Street, Suite 1300
        Pittsburgh, PA 15222
        (412) 456-2840
        kmk@muslaw.com

        *Counsel for Defendant, Dr. Barfield*

2057758

## CERTIFICATE OF SERVICE

I hereby certify that on February 5, 2016, a true and correct copy of the foregoing **BRIEF** was filed electronically. Parties may access this filing through the Court's ECF/PACER system.

MEYER UNKOVIC & SCOTT LLP


*/s/ Kathryn M. Kenyon*
Kathryn M. Kenyon, Esquire