IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER PRINCE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:15-1202 |
| | ) | |
| v. | ) | |
| | ) | United States Magistrate Judge |
| CORIZON HEALTH, INC., COUNTY | ) | Cynthia Reed Eddy |
| OF ALLEGHENY, DAVID HUMPRIES, | ) | |
| DR. MICHAEL PATTERSON, CAITLIN | ) | United States District Judge |
| LEE, MONICA LONG, EMRICK, | ) | Terrence F. McVerry |
| BARFIELD, SUPERINTENDENT | ) | |
| ORLANDO HARPER, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

Cynthia Reed Eddy, United States Magistrate Judge.

## I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that Defendant Corizon Health Inc.'s Motion to Dismiss [ECF No. 5] be denied; that Defendants Allegheny County, Deputy Warden Emerick, Warden Orlando Harper, Caitlin Lee and Deputy Warden Monica Long's Motion to Dismiss [ECF No. 11] be denied; that Defendant Health Administrator Barfield's Motion to Dismiss [ECF No. 23] be denied; that Defendant Sarah A. Patterson as Administratrix of the Estate of Dr. Michael Patterson's Motion to Dismiss [ECF Nos. 31 and 44] be denied; and that Defendant David Humpries' Motion to Dismiss [ECF No. 36] be denied.

## II. REPORT

a. Background

The following allegations are summarized from the complaint and must be taken as true in deciding the pending motions to dismiss. *See Newman v. Beard*, 617 F.3d 775, 779 (3d Cir.

2010).

Plaintiff, Christopher Prince, is an inmate who was at all times relevant to this lawsuit, confined in the custody of the Allegheny County Jail ("ACJ"). Plaintiff filed his complaint on September 15, 2015. [ECF No. 1]. He alleges that he received inadequate medical care and was denied medical treatment in violation of his constitutional rights. Named as defendants are: Corizon Health, Inc.,[1] Allegheny County, David Humpries, CENP, Sarah A. Patterson as Administratrix of the Estate of Dr. Michael Patterson, Allegheny County Jail Counselor Caitlin Lee, Deputy Warden Monica Long, Deputy Warden Emerick, Assistant Health Services Administrator Dr. Barfield, and Warden Orlando Harper.

This case stems from injuries Plaintiff sustained to his leg on or about October 28, 2013, at ACJ. Following his injury, Plaintiff was examined by the medical department and was informed that he would receive an x-ray the following morning. The next day, October 29, 2013, Plaintiff's leg was x-rayed at ACJ and Defendant Dave Humpries, CENP, confirmed that Plaintiff had broken his leg and informed Plaintiff that he would need to go to the hospital for surgery to repair his leg. Plaintiff was given a temporary splint and placed back into the general prison population to await transport to the hospital.

On or about October 31, 2013, Plaintiff fell for a second time, causing further injury to his leg. Officer Gamboa called a medical emergency and requested that Plaintiff be transported to the hospital for medical care. Plaintiff was instead taken to ACJ's medical department and examined. After this examination, he was sent back to general population without treatment. On November 4, 2013, eight days after his initial injury, Plaintiff directed a grievance to Counselor Caitlin Lee requesting medical transport for his broken leg. Counselor Lee responded that she

---

[1]  At all relevant times, Allegheny County contracted with Corizon to provide medical care and health operations at Allegheny County Jail.

had contacted the medical department. Plaintiff concurrently directed a grievance to Deputy Warden Emerick requesting medical transport and stated he was in severe pain. Deputy Warden Long forwarded Plaintiff's request to Dr. Barfield, the jail Assistant Health Services Administrator.

On November 6, 2013, ten days after his initial injury, Plaintiff directed a grievance to Deputy Warden Emerick stating that he was in great pain and that his pain medication was inadequate and again asked why he had not been transported to the hospital. This grievance was not responded to. The next day, on November 7, 2013, Plaintiff was examined by Nurse Practitioner Dave Humpries and Dr. Michael Patterson and informed that he would soon be taken to the hospital. On November 12, 2013, sixteen days after his original injury, Plaintiff was taken to an orthopedic surgeon for examination and informed that his right leg was broken and his ankle was severely dislocated. On November 18, 2013, twenty-two days after his initial injury, Plaintiff had his leg re-broken by UPMC hospital medical staff and had surgery on his leg for the injuries he sustained. He was informed that he may not regain full mobility in his leg and he constantly suffers pain due to the hardware installed in his leg.

Plaintiff also draws this Court's attention to a 2014 Examination Report on Corizon's compliance with Allegheny County's contract authored by the Allegheny County Office of Controller (the "Corizon Report"). The report found, *inter alia*, that between September 2013 and February 2014 Corizon failed to comply with reporting requirements, failed to maintain required staffing levels for essential medical staff, failed to maintain complete and accurate inmate medical records, did not provide inmates with required clinical care, did not demonstrate an appropriate process to prioritize sick calls and did not respond to inmate medical requests in a timely manner.

Plaintiff's complaint alleges the following: (1) a 42 U.S.C. § 1983 violation of the Eighth Amendment's prohibition against cruel and unusual punishment against all of the Defendants for their deliberate indifference to his serious medical needs; (2) a state law negligence claim against Defendants Humpries and Dr. Patterson for their failure to provide timely medical care to Plaintiff; (3) a state law negligence claim against Caitlin Lee, Deputy Warden Monica Long, Deputy Warden Emerick, Assistant Health Services Administrator Dr. Barfield, and Warden Harper for their failure to provide Plaintiff with timely medical care; (4) a state law negligence claim against Allegheny County for, *inter alia*, failing to adopt, maintain, or follow policies and procedures with regard to diagnosing, assessing, treating or providing for the medical care of inmates at ACJ; and (5) a state law negligence claim against Corizon for, *inter alia*, failing to adopt, maintain, or follow policies and procedures with regard to diagnosing, assessing, treating or providing for the medical care of inmates at ACJ.

Defendants have each filed a motion to dismiss with brief in support pursuant to Federal Rule of Civil Procedure 12(b)(6) arguing that Plaintiff's complaint should be dismissed for failure to state a claim. The matter is fully briefed and is ripe for disposition. *See* ECF Nos. 5, 11, 14, 16, 17, 18, 23, 31, 34, 36, 39, 43.

    b.  <u>Standard of Review</u>

To determine the legal sufficiency of a complaint after *Twombly* and *Iqbal,* the United States Court of Appeals for the Third Circuit instructs that a district court must conduct a three-step analysis when considering a motion to dismiss for failure to state a claim. *Santiago v. Warminster Twp.,* 629 F.3d 121, 130 n.7 (3d Cir. 2010) (noting that although *Iqbal* describes the process as a "two-pronged approach," it views the case as outlining three steps) (citing *Iqbal*, 556 U.S. at 675). First, "the court must 'tak[e] note of the elements a plaintiff must plead to state

a claim.'" *Id.* at 130 (quoting *Iqbal,* 556 U.S. at 675) (alteration in original).  Second, the court "should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal,* 556 U.S. at 679).  Third, "'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'" *Id*. (quoting *Iqbal,* 556 U.S. at 679).

Courts generally consider the allegations of the complaint, attached exhibits, and matters of public record in deciding motions to dismiss.  *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.,* 998 F.2d 1192, 1196 (3d Cir. 1993).  Factual allegations within documents described or identified in the complaint also may be considered if the plaintiff's claims are based upon those documents.  *Id.* (citations omitted).  In addition, a district court may consider indisputably authentic documents without converting a motion to dismiss into a motion for summary judgment.  *Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004); *Lum v. Bank of America*, 361 F.3d 217, 222 (3d Cir. 2004) (in resolving a motion to dismiss pursuant to Rule 12(b)(6), a court generally should consider "the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim.").

Moreover, the United States Court of Appeals for the Third Circuit has held that, in civil rights cases, a court must give a plaintiff the opportunity to amend a deficient complaint - regardless of whether the plaintiff requests to do so - when dismissing a case for failure to state a claim, unless doing so would be inequitable or futile.  *See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.,* 482 F.3d 247, 251 (3d Cir. 2007).

    c.  <u>Applicable Legal Principles</u>

        *1.  42 U.S.C. § 1983*

A plaintiff bringing a civil rights action pursuant to 42 U.S.C. § 1983 must prove two

elements: (1) that the alleged conduct was committed by a person acting under color of state law; and (2) that said conduct deprived the plaintiff of the rights, privileges or immunities secured by the United States Constitution. 42 U.S.C. § 1983.  To be clear, Section 1983 is not a source of substantive rights, but rather, a means to redress constitutional violations by state actors. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284, 122 S. Ct. 2268, 2275, 153 L. Ed. 2d 309 (2002).

A state actor need not be a "state official" for Section 1983 liability to attach, however, the state actor must have been personally involved in the events or occurrences upon which plaintiff's constitutional claims are based. *Rizzo v. Goode*, 423 U.S. 362, 378, 96 S. Ct. 598, 608, 46 L. Ed. 2d 561 (1976)423 U.S. 362; *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077, 1082 (3d Cir. 1976).  Additionally, personal liability against state officials under Section 1983 cannot be purely based on the theory of respondeat superior. *Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*, 520 U.S. 397, 404, 117 S. Ct. 1382, 1388, 137 L. Ed. 2d 626 (1997).  Suit may be brought against state officials in their individual capacities under Section 1983 where the official "with deliberate indifference to the consequences, established and maintained a policy, custom or practice which directly caused the constitutional harm[,]" *Stoneking v. Bradford Area Sch. Dist.*, 882 F.2d 720, 725 (3d Cir. 1989), or where the official "participated in violating the plaintiff's rights, directed others to violated them, or as the person in charge, had knowledge of and acquiesced in his subordinates' violations." *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (citing *Baker v. Monroe Township*, 50 F.3d 1186, 1190–91 (3d Cir.1995)).

> 2. *Municipal Liability under Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978)*

Municipalities are considered "persons" under Section 1983 and an action may be brought directly against it for monetary, declaratory or injunctive relief. *Monell v. Dep't of Soc.*

*Servs. of City of New York*, 436 U.S. 658, 694, 98 S. Ct. 2018, 2037, 56 L. Ed. 2d 611 (1978). To establish municipal liability, the Plaintiff must: "1) demonstrate the existence of an unlawful policy or custom, and 2) prove that the municipal practice was the proximate cause of the injury." *Rittenhouse Entm't, Inc. v. City of Wilkes-Barre*, 861 F. Supp. 2d 470, 480 (M.D. Pa. 2012) (citing *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir.1990)). The plaintiff must identify a municipal policy or custom that caused his injury and the theory of liability may not be based solely upon a theory of respondeat superior. *Langford v. City of Atl. City*, 235 F.3d 845, 847 (3d Cir. 2000). Under *Monell*, a municipal policy exists where a "decision maker possessing final authority to establish municipal policy with respect to the action issues an official proclamation, policy or edict." *Bielevicz*, 915 F.2d at 850 (citation and quotation marks omitted). A plaintiff can also establish a custom under *Monell* "by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." *Id*. (citations omitted). "In other words, custom may be established by proving knowledge of, and acquiescence to, a practice." *Watson v. Abington Twp.*, 478 F.3d 144, 155–56 (3d Cir.2007). To establish causation, the plaintiff must allege a "plausible nexus" or that an "affirmative link" exists between the violation and the municipality's custom or practice. *Bielevicz*, 915 F.2d at 850. "Causation exists where the connection between the policy and injury is so strong that it would be a plainly obvious consequence." *Rittenhouse Entm't, Inc.*, 861 F.Supp.2d at 480 (citing *Bd. of County Comm'rs of Bryan Cnty., Okl.*, 520 U.S. at 411). The same standard applies to claims against a private corporation functioning as a "state actor" and it is well established that a private entity which contracts with a municipality to perform a traditional state function" such as providing medical services to prison inmates may be sued

under Section 1983 as a "person" acting "under color of law." *West v. Atkins*, 487 U.S. 42, 54, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988).

### 3. *Eighth Amendment Deliberate Indifference Claim*

In accordance with the Eighth Amendment's prohibition against cruel and unusual punishment, the government is obliged "to provide medical care for those whom it is punishing by incarceration." *Estelle v. Gamble*, 429 U.S. 97, 103, 97 S. Ct. 285, 290, 50 L. Ed. 2d 251 (1976). "[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment." *Id*. at 104 (citation omitted). "[W]hether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed . . . deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." *Id*. at 104–05 (citations omitted).

A medical need is "serious" if "it is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro,* 834 F.2d 326, 347 (3d Cir. 1987) (internal quotation omitted). "The seriousness of an inmate's medical need may also be determined by reference to the effect of denying the particular treatment." *Id*.

The "deliberate indifference" a plaintiff must allege lies "somewhere between the poles of negligence at one end and purpose or knowledge at the other" and is frequently equated with recklessness as that term is defined in criminal law. *Farmer v. Brennan*, 511 U.S. 825, 836–37 (1994). This standard "affords considerable latitude to prison medical authorities in the diagnosis and treatment of the medical problems of inmate patients." *Inmates of Allegheny Cnty.*

*Jail v. Pierce,* 612 F.2d 754, 762 (3d Cir. 1979). Where a prisoner has received medical care and only the adequacy of the treatment is disputed, courts are often reluctant to second guess professional medical judgment. *See id.* Deliberate indifference can be manifested by an intentional refusal to provide care, delayed medical treatment, or the denial of prescribed medical treatment. *See Durmer v. O'Carroll*, 991 F.2d 64, 68 (3d Cir. 1993); *Giles v. Kearney,* 571 F.3d 318, 330 (3d Cir. 2009) ("Deliberate indifference may be shown by intentionally denying or delaying medical care.").

    d. Discussion

Because Plaintiff has levied a deliberate indifference claim against each of the Defendants, and each Defendant has separately moved to dismiss this claim, each of Defendant or group of Defendants' arguments will be addressed separately.

    *1. Corizon*

Corizon argues that because Plaintiff was given medical treatment following his injuries, its conduct does not rise to the level of a constitutional violation. Corizon also argues that Plaintiff has not alleged facts showing an unconstitutional policy or custom caused his injury under *Monell*. Both of Corizon's arguments should be rejected.

As to Corizon's first argument, under *Estelle* and its progeny, whether an inmate ultimately received medical care is inconsequential if the delay in receiving that medical care or course of treatment caused an "unnecessary and wanton infliction of pain." *Estelle*, 429 U.S. at 104. The delay of medical care is in and of itself a denial of medical care. "Needless suffering resulting from a denial of simple medical care . . . is inconsistent with contemporary standards of decency, and thus violates the Eighth Amendment." *Atkinson v. Taylor*, 316 F.3d 257, 266 (3d Cir. 2003). Therefore, that Plaintiff pleaded he ultimately received medical treatment for his

broken leg and dislocated ankle does not foreclose him from bringing a deliberate indifference claim for receiving delayed medical treatment. Plaintiff alleges that the failure to send him to the hospital to operate on his broken leg caused him permanent injury to that leg and required the surgeon to re-break his leg, and also caused him to fall and dislocate his ankle, which could have been prevented with adequate medical treatment.

As to Corizon's argument that Plaintiff failed to adequately plead that a Corizon policy or custom caused his alleged constitutional violation, this argument should also be rejected. Plaintiff has adequately alleged that Corizon had a policy, practice or custom of refusing, delaying, or providing inadequate medical treatment to inmates. He references the Corizon Report – which includes the period of time in which Plaintiff's injuries occurred – which found that Corizon failed to maintain required staffing levels for essential medical staff, failed to maintain complete and accurate inmate medical records, did not comply with reporting requirements, did not provide inmates with required clinical care, did not use an appropriate process to prioritize sick calls, and failed to respond to inmate medical requests in a timely manner.[2] Plaintiff has therefore adequately shown that Corizon had a policy, custom or practice

---

[2] While many of the Defendants argue that the Court should not consider the allegations concerning the Corizon Report in making its determination, a court may consider any "well-pleaded" facts which plausibly entitle the plaintiff to relief, and any factual allegations described in documents and identified in allegations of a complaint. *See Santiago*, 629 F.3d at 130. As such, at this stage, it is wholly appropriate to consider Plaintiff's reference to the Corizon Report in making its determination, as the allegations are well-pleaded and can plausibly entitle Plaintiff to relief for his alleged constitutional injuries. At this stage, Plaintiff need not prove his claims under any evidentiary standard, but rather is entitled to the assumption of truth of all well-pleaded facts. It was not incumbent on Plaintiff to incorporate the Corizon Report to set forth the allegations therein because no evidentiary standard applies at the motion to dismiss stage. This report, if admissible, is simply evidence that there was a policy, practice or custom of understaffing medical personnel that caused the denial of medical care of inmates at ACJ. Additionally, the reference to the "allegations set forth in the Corizon Report" does not serve to make any evidentiary determination, and is merely for ease of reference of the allegations set forth therein.

of not providing inmates with adequate medical care, delayed treatment or denial of the prescribed medical treatment. Accordingly, Plaintiff has met his pleading burden and Corizon's motion to dismiss should be denied.

### 2. *Dr. Barfield*

Dr. Barfield moves to dismiss the Eighth Amendment claim against him and argues that he had no involvement in Plaintiff's treatment and thus no personal involvement in any alleged violation. Plaintiff responds that he has stated a claim against Dr. Barfield "through his involvement in the creation and enforcement of the policies and procedures for the health care of inmates at [ACJ] is his role as assistant health services administrator." Pl.'s Resp. Br. [ECF No. 34] at 5.

Because the parties have not briefed the issue of whether a prison health services administrator who works for a private corporation operating as a state actor may be liable as a state official under Section 1983, such a determination will not be made. To the extent that Dr. Barfield argues that he had no involvement in denying Plaintiff medical care, this argument is rejected, as Plaintiff alleges that Dr. Barfield was forwarded and allegedly ignored a grievance filed by Plaintiff seeking medical transport and stating he was in severe pain eight days after his initial injury. Accordingly, this Court finds that Plaintiff has pleaded enough factual allegations vis-à-vis Dr. Barfield's personal involvement in failing to provide Plaintiff with adequate medical care, Dr. Barfield's motion to dismiss should be denied.[3]

---

[3]   Dr. Barfield also seeks dismissal of the negligence claim against him for Plaintiff's failure to submit a Certificate of Merit required by Pennsylvania law. Pa. R. Civ. P. 1042.3(a); *Liggon-Redding v. Estate of Sugarman*, 659 F.3d 258, 264 (3d Cir. 2011) ("Pennsylvania Rule 1042.3, mandating a certificate of merit in professional negligence claims, is substantive under the *Erie* Rule and must be applied as such by federal courts."). This argument is also rejected, as it is clear from Plaintiff's response that he does not assert a claim of negligence under a "professional liability" theory necessitating expert discovery and triggering the need for a

### 3. Dr. Patterson[4]

Like Corizon, Dr. Patterson argues that Plaintiff was given medical treatment following his injuries and thus cannot allege an Eighth Amendment deliberate indifference claim. For the same reasons as set forth supra, Dr. Patterson's argument should be rejected, as whether Plaintiff actually received medical care is not determinative.

Dr. Patterson also argues that Plaintiff cannot bring a *Monell* claim against him because Plaintiff failed to allege specific policies or procedures that amounted to deliberate indifference. As *Monell* claims are only asserted against a municipality and have no basis in individual liability, this argument is misplaced. Like with Dr. Barfield, Plaintiff responds that he only seeks to hold Dr. Patterson responsible for his participation in the creation and enforcement of Corizon's policies and procedures for the medical treatment of inmates at ACJ. Again, because the issue of whether a doctor acting in his administrative capacity on behalf of a private corporation operating as a state actor to implement prison medical policy can be considered a state official for Section 1983 purposes is not before the Court, such a determination will not be made. Accordingly, it is respectfully recommended that Dr. Patterson's motion to dismiss be denied.

### 4. Nurse Practitioner Humpries

Like Corizon and Dr. Patterson, CENP Humpries argues that because Plaintiff received

---

Certificate of Merit, but rather brings an "ordinary" negligence claim against Dr. Barfield. Because Dr. Barfield does not argue that Plaintiff has failed to state an "ordinary negligence" claim against him, but rather bases his entire argument on Plaintiff's failure to submit a Certificate of Merit, it is respectfully recommended that Dr. Barfield's request on this point be denied.

[4] Sarah A. Patterson was substituted as the party defendant as administratrix of Dr. Patterson's estate. However, for ease of reference, Dr. Patterson will be referred to as the defendant in this recommendation.

medical care, he cannot state a claim for deliberate indifference. For the aforementioned reasons, this argument is rejected.[5] To the extent that Plaintiff alleges that CENP Humpries was personally involved in violating Plaintiff's constitutional rights, Plaintiff has stated a claim. He alleges that Plaintiff was treated by Humpries after his initial injury and again eleven days after his initial injury, that he was not provided adequate care for his initial injury from Humpries, the failure to provide him with adequate medical care from Humpries caused him to fall a second time, dislocating his ankle, that Humpries failed to call a medical emergency or send him for hospital evaluation after both of his falls, and that Humpries did not request that Plaintiff be seen by an orthopedic surgeon sooner than sixteen days after his initial injury. Accordingly, Plaintiff has stated a deliberate indifference claim against Humpries, and it is respectfully recommended that his motion to dismiss be denied.

### 5. *Caitlin Lee, Deputy Warden Long and Deputy Warden Emerick*

Defendants Caitlin Lee, Deputy Warden Long and Deputy Warden Emerick argue that Plaintiff has failed to plead deliberate indifference because an "inadvertent failure to provide medical care" does not rise to the level of a constitutional violation. Defs.' Br. in Supp. of Mot. to Dismiss [ECF No. 12] at 4. They also argue that they are entitled to qualified immunity.

As for the first argument, Plaintiff has stated an Eighth Amendment claim for deliberate indifference against Lee, Deputy Warden Long and Deputy Warden Emerick by alleging that he was not given adequate treatment when he initially broke his leg which caused him to further injure his leg by falling a second time and severely dislocating his ankle, was not taken to the hospital for treatment after a medical emergency was called after his second fall, and was not

---

[5] The Court is perplexed as to why the medical defendants – Corizon, CENP Humpries, Dr. Barfield, and Dr. Patterson – all represented by the same counsel, felt the need to file four separate motions and briefs in support when all of the legal arguments therein are seemingly identical and boilerplate.

taken to an orthopedic surgeon for sixteen days after his original injury.

The Court also rejects Lee, Deputy Warden Long and Deputy Warden Emerick's argument that they are entitled to qualified immunity. While these Defendants argue that they are entitled to qualified immunity because they did not violate a clearly established constitutional right because each time Plaintiff filed a grievance, these Defendants reported the grievance appropriately, this argument is rejected. Plaintiff's constitutional right to medical care for a serious medical need while incarcerated was clearly established at the time of his injury. *See Estelle,* 429 U.S. at 103 (establishing an inmate's right to medical care while incarcerated); *Ashcroft v. al-Kidd*, 563 U.S. 731, 131 S. Ct. 2074, 2083, 179 L. Ed. 2d 1149 (2011) (to lose the protections of qualified immunity, "existing precedent must have placed the statutory or constitutional question beyond debate.").

Accordingly, Plaintiff should be entitled to pursue his Eighth Amendment claims against Caitlin Lee, Deputy Warden Long and Deputy Warden Emerick and it is respectfully recommended that their motion to dismiss be denied.

### 6. *Defendant Warden Harper*

Warden Harper argues that Plaintiff's Eighth Amendment deliberate indifference claim against him should be dismissed because he has failed to allege any personal involvement in any of the allegedly unconstitutional actions. Plaintiff seemingly responds that he seeks to hold Warden Harper personally liable under both a "policy-maker" theory and a "personal involvement" theory of liability. Because Warden Harper only argues that Plaintiff's complaint does not adequately state a claim under Section 1983 because he was not personally involved in any alleged constitutional violation, only that argument will be addressed. Taking all of Plaintiff's well-pleaded facts as true and drawing all inferences in his favor, he has stated a claim

against Warden Harper for deliberate indifference under the Eighth Amendment under a personal involvement theory of liability.  Plaintiff has sufficiently pleaded Warden Harper's personal involvement in the formation and implementation of the policies and practices of Corizon at ACJ, and that these policies and practices to provide inmates at ACJ with delayed and inadequate medical care aggravated Plaintiff's broken leg and caused him to severely dislocate his ankle. As such, he allegedly directed others to violate Plaintiff's constitutional rights, had knowledge of the allegedly unconstitutional practices and acquiesced in his subordinates' violations by allowing the practices to continue.  It is therefore respectfully recommended that Warden Harper's Motion to Dismiss Plaintiff's Section 1983 claim against him be denied.

### 7. *Allegheny County*

Allegheny County argues that Plaintiff has failed to point to a specific County policy or custom to establish a deliberate indifference claim, and argues that because the Corizon Report was authored "more than a year" after Plaintiff's injuries occurred, the report cannot be the basis of an Allegheny County policy or custom.[6]  Allegheny County's latter argument is misplaced, as the conduct reported on in the Corizon Report spanned from September 2013 to February 2014, during which Plaintiff's injuries occurred.  That the report was published after Plaintiff's injuries is insignificant.  Further, Plaintiff has stated a deliberate indifference claim against Allegheny County, as he alleges that it had a policy or custom of denying or delaying medical care to inmates at ACJ.  As Plaintiff alleges, Allegheny County contracted with Corizon to provide medical care at ACJ, Corizon failed to maintain required staffing levels for essential medical staff, failed to maintain complete and accurate inmate medical records, did not comply with reporting requirements, did not provide inmates with required clinical care, did not use an

---

[6]     Allegheny County does not argue that liability cannot be imputed to it based upon Corizon's allegedly unconstitutional conduct.  Therefore, such a determination will not be made.

appropriate process to prioritize sick calls, and failed to respond to inmate medical requests in a timely manner. Accordingly, it is respectfully recommended that Allegheny County's motion to dismiss be denied.

### 8. *Punitive Damages*

Many of the Defendants argue that the court should dismiss any punitive relief sought by Plaintiff. However, such an argument is not appropriate at this early juncture. "If Plaintiff succeeds in proving his claim of deliberate indifference, which has been adequately alleged, then he may be entitled to recover punitive damages based on Defendants' 'reckless or callous indifference to his federally protected rights.'" *Walker v. Brooks*, No. CA 07-280 ERIE, 2009 WL 3183051, at *9 (W.D. Pa. Sept. 30, 2009) (quoting *Alexander v. Riga*, 208 F.3d 419, 430–31 (3d Cir.2000)). Accordingly, it is respectfully recommended that Defendants' motions insofar as they argue that Plaintiff should not be entitled to punitive damages should be denied.

### e. Conclusion

For the foregoing reasons, it is respectfully recommended that Defendant Corizon Health Inc.'s Motion to Dismiss [ECF No. 5] be denied; that Defendants Allegheny County, Deputy Warden Emerick, Warden Orlando Harper, Caitlin Lee and Deputy Warden Monica Long's Motion to Dismiss [ECF No. 11] be denied; that Defendant Health Administrator Barfield's Motion to Dismiss [ECF No. 23] be denied; that Sarah A. Patterson as Administratrix of the Estate of Dr. Michael Patterson's Motion to Dismiss [ECF Nos. 31 and 44] be denied; and that Defendant David Humpries' Motion to Dismiss [ECF No. 36] be denied.

Accordingly, pursuant to 28 U.S.C. § 636(b)(1)(B)-(C), Federal Rule of Civil Procedure 72, and the Local Rules for Magistrates, the parties have until **May 19, 2016**, to file objections to this report and recommendation. Unless Ordered otherwise by the District Judge, responses to

objections are due **June 2, 2016**.  Failure to file timely objections may constitute a waiver of any appellate rights. *Brightwell v. Lehman*, 637 F.3d 187, 193 n. 7 (3d Cir. 2011).


Dated: May 5, 2016.

>By the Court,
>s/ Cynthia Reed Eddy
>Cynthia Reed Eddy
>United States Magistrate Judge


cc:	Honorable Terrence F. McVerry
	United States District Judge
	*via electronic filing*

	*All counsel of record via CM/ECF electronic filing*