2166383.1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHRISTOPHER PRINCE,                          )
                                             )
                    Plaintiff,               )        Civil Action No.  15-1202
                                             )
          v.                                 )        Magistrate Judge Eddy
                                             )
CORIZON HEALTH, INC., et al.,                )        Judge McVerry
                                             )
                    Defendants.              )

## MEDICAL DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSE AS TO PLAINTIFF'S COMPLAINT

Corizon Health, Inc., David Humphreys, the Estate of Dr. Patterson and Assistant Health Services Administrator Barfield (collectively "the Medical Defendants") file the within Answer and Affirmative Defenses to Plaintiff's Complaint.

1.      The averments of paragraph 1 of plaintiff's Complaint are denied.

2.      The averments of paragraph 2 of plaintiff's Complaint constitute conclusions of law to which no response is required.  To the extent a response is deemed necessary, said averments are denied.  By way of further response, these defendants are not challenging jurisdiction.

3.      The averments of paragraph 3 of plaintiff's Complaint constitute conclusions of law to which no response is required.  To the extent a response is deemed necessary, said averments are denied.  By way of further response, these defendants are not challenging venue.

4.      After reasonable investigation, defendants are without information or knowledge sufficient enough to form a belief as to the truth or falsity of the averments of paragraph 4 of plaintiff's Complaint.  According, said averments are denied.

5.      It is admitted that Corizon Health, Inc. is a corporation with offices located at 105 West Park Drive, Brentwood, TN.   The remaining averments of paragraph 5 of plaintiff's Complaint are denied.

6.      After reasonable investigation, defendants are without information or knowledge sufficient enough to form a belief as to the truth or falsity of the averments of paragraph 6 of plaintiff's Complaint.  According, said averments are denied.

7.      It is admitted that David Humphreys, CRNP was employed by Corizon Health, Inc. on October 29, 2013.  The remaining averments of paragraph 7 of plaintiff's Complaint are denied.

8.      It is admitted that Dr. Michael Patterson was employed by Corizon Health, Inc. up until the time of his death.  The remaining averments of paragraph 8 of plaintiff's Complaint are denied.

9.      After reasonable investigation, defendants are without information or knowledge sufficient enough to form a belief as to the truth or falsity of the averments of paragraph 9 of plaintiff's Complaint.  According, said averments are denied.

10.      After reasonable investigation, defendants are without information or knowledge sufficient enough to form a belief as to the truth or falsity of the averments of paragraph 10 of plaintiff's Complaint.  According, said averments are denied.

11.      After reasonable investigation, defendants are without information or knowledge sufficient enough to form a belief as to the truth or falsity of the averments of paragraph 11 of plaintiff's Complaint.  According, said averments are denied.

12.     It is admitted that at certain times Assistant Health Services Administrator Barfield was an employee of Corizon Health, Inc.  The remaining averments of paragraph 12 are denied.

13.     After reasonable investigation, defendants are without information or knowledge sufficient enough to form a belief as to the truth or falsity of the averments of paragraph 13 of plaintiff's Complaint.  According, said averments are denied.

14.     It is admitted that Corizon Health, Inc. and Allegheny County entered into a contract concerning the provision of medical services at the Allegheny County Jail.   The remaining averments of paragraph 14 of plaintiff's Complaint are denied.

15.     The averments of paragraph 15 of plaintiff's Complaint are denied.

16.     The averments of paragraph 16 of plaintiff's Complaint are denied.  By way of further response, without a copy of the document described as the "Corizon Report", it is not possible to respond to allegations summarizing information from said report.

17.     The averments of paragraph 17 of plaintiff's Complaint are denied.  By way of further response, without a copy of the document described as the "Corizon Report", it is not possible to respond to allegations summarizing information from said report.

18.     The averments of paragraph 18 of plaintiff's Complaint are denied.  By way of further response, without a copy of the document described as the "Corizon Report", it is not possible to respond to allegations summarizing information from said report.

19.     The averments of paragraph 19 of plaintiff's Complaint are denied.  By way of further response, without a copy of the document described as the "Corizon Report", it is not possible to respond to allegations summarizing information from said report.

20.     It is denied that Corizon Health Care, Inc. took control of Allegheny County Jail Medical Service.  According to the medical records, Mr. Prince fell on October 28, 2013 and a fracture was diagnosed by x-ray on October 29, 2013.  The remaining averments of paragraph 20 are denied.

21.     To the extent the averments of paragraph 21 of plaintiff's Complaint are consistent with the medical records, they are admitted.  To the extent they are inconsistent, they are denied.  By way of further response, any summary or characterization of the medical records is denied.

22.     It is admitted that plaintiff received an x-ray on October 29, 2013 and that the x-ray indicated a right lateral maleolar fracture and dislocation.  It is further admitted that plaintiff was seen by David Humphreys, CRNP who provided a splint to immobilize the area.  The remaining averments of paragraph 22 of plaintiff's Complaint are denied.

23.     The averments of paragraph 23 of plaintiff's Complaint are denied.

24.     After reasonable investigation, defendants are without information or knowledge sufficient enough to form a belief as to the truth or falsity of the averments of paragraph 24 of plaintiff's Complaint.  According, said averments are denied.

25.     After reasonable investigation, defendants are without information or knowledge sufficient enough to form a belief as to the truth or falsity of the averments of paragraph 25 of plaintiff's Complaint.  According, said averments are denied.

26.     After reasonable investigation, defendants are without information or knowledge sufficient enough to form a belief as to the truth or falsity of the averments of paragraph 26 of plaintiff's Complaint.  According, said averments are denied.

27.     After reasonable investigation, defendants are without information or knowledge sufficient enough to form a belief as to the truth or falsity of the averments of paragraph 27 of plaintiff's Complaint.  According, said averments are denied.

28.     It is admitted that Dr. Patterson examined plaintiff on November 7, 2013.  The remaining averments of paragraph 28 are denied.

29.     It is admitted that on Tuesday, November 12, 2013, plaintiff was taken for an appointment with an orthopedic specialist at the Mercy Professional Building.  The remaining averments of paragraph 29 are denied.

30.     It is admitted that on November 18, 2013, plaintiff underwent surgery to repair the right ankle fracture.  The remaining averments of paragraph 30 of plaintiff's Complaint are denied.

31.     The averments of paragraph 31 of plaintiff's Complaint, including sub-paragraphs a-i, are denied.

32.     The averments of paragraph 32 of plaintiff's Complaint are denied.

33.     The averments of paragraph 33 of plaintiff's Complaint are denied.

## COUNT I – PLAINTIFF v. ALL DEFENDANTS – SECTION 1983 VIOLATIONS OF EIGHT AMENDMENT PROHIBITION AGAINST CRUEL AND UNUSUAL PUNISHMENT

34.     Paragraphs 1-33 are incorporated herein as though set forth in full.

35.     After reasonable investigation, defendants are without information or knowledge sufficient enough to form a belief as to the truth or falsity of the averments of paragraph 35 of plaintiff's Complaint.  According, said averments are denied.

36.     The averments of paragraph 36 of plaintiff's Complaint are denied.

37.     The averments of paragraph 37 of plaintiff's Complaint are denied.

38.     The averments of paragraph 38 of plaintiff's Complaint are denied.

39.     After reasonable investigation, defendants are without information or knowledge sufficient enough to form a belief as to the truth or falsity of the averments of paragraph 39 of plaintiff's Complaint.  According, said averments are denied.

40.     After reasonable investigation, defendants are without information or knowledge sufficient enough to form a belief as to the truth or falsity of the averments of paragraph 40 of plaintiff's Complaint.  According, said averments are denied.

41.     After reasonable investigation, defendants are without information or knowledge sufficient enough to form a belief as to the truth or falsity of the averments of paragraph 41 of plaintiff's Complaint.  According, said averments are denied.

42.     After reasonable investigation, defendants are without information or knowledge sufficient enough to form a belief as to the truth or falsity of the averments of paragraph 42 of plaintiff's Complaint.  According, said averments are denied.

43.     The averments of paragraph 43 of plaintiff's Complaint are denied.

44.     The averments of paragraph 44 of plaintiff's Complaint are denied.

45.     The averments of paragraph 45 of plaintiff's Complaint are denied.

46.     The averments of paragraph 46 of plaintiff's Complaint are denied.

47.     The averments of paragraph 47 of plaintiff's Complaint are denied.

48.     The averments of paragraph 48 of plaintiff's Complaint including, sub-paragraphs a-i, are denied.

WHEREFORE, defendants demand judgment in their favor and against plaintiff.

### COUNT II – PLAINTIFF v. Dave Humphries CENP and Dr. Michael Patterson - NEGLIGENCE

49.     Paragraphs 1-48 are incorporated herein as though set forth in full.

50.     The averments of paragraph 50 of plaintiff's Complaint including, sub-paragraphs a-k, are denied.

51.     The averments of paragraph 51 of plaintiff's Complaint including, sub-paragraphs a-i, are denied.

WHEREFORE, defendants demand judgment in their favor and against plaintiff.

### COUNT III – PLAINTIFF v. CAITLIN LEE, DEPUTY WARDEN MONICA LONG, DEPUTY SUPERINTENDENT EMRICK, ASSISTANT HEALTH SERVICES ADMINISTRATOR BARFIELD, SUPERINTENDENT HARPER – NEGLIGENCE

52.     Paragraphs 1-51 are incorporated herein as though set forth in full.

53.     To the extent the averments of paragraph 53 of plaintiff's Complaint are directed to Assistant Health Services Administrator Barfield, including sub-paragraphs a-m, said averments are denied.

54.     The averments of paragraph 54, including sub-paragraphs a-i, are denied.

WHEREFORE, defendants demand judgment in their favor and against plaintiff.

### COUNT IV – PLAINTIFF v. ALLEGHENY COUNTY - NEGLIGENCE

55.     Paragraphs 1-54 are incorporated herein as though set forth in full.

56.     The averments of Count IV, including paragraphs 56 and 57, are directed to a party other than these defendants thus no response is required thereto.  To the extent a response is deemed necessary, said averments are denied.

57.     The averments of Count IV, including paragraphs 56 and 57, are directed to a party other than these defendants thus no response is required thereto.  To the extent a response is deemed necessary, said averments are denied.

WHEREFORE, defendants demand judgment in their favor and against plaintiff.

## COUNT V – PLAINTIFF v. CORIZON HEALTHCARE, INC. - NEGLIGENCE

58.     Paragraphs 1-57 are incorporated herein as though set forth in full.

59.     The averments of paragraph 59 of plaintiff's Complaint, including sub-paragraphs a-k, are denied.

60.     The averments of paragraph 60 of plaintiff's Complaint, including sub-paragraphs a-i, are denied.

WHEREFORE, defendants demand judgment in their favor and against plaintiff.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

### SECOND AFFIRMATIVE DEFENSE

Defendants reserve the right to amend their Answer and Affirmative Defenses and to assert each and every affirmative defense as provided by Rules 8 and 12(b) of the Federal Rules of Civil Procedure or otherwise as the facts of this case are developed after investigation and discovery.

### THIRD AFFIRMATIVE DEFENSE

To the extent Mr. Prince failed to fully and properly exhaust available administrative remedies, plaintiff claims are barred by the Prisoner Litigation Reform Acts at 42 U.S.C. §1997e and 42Pa.C.S.A §6601 et seq.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim for relief or cause of action upon which relief can be granted.

## FIFTH AFFIRMATIVE DEFENSE

At no time did Defendants deprive Mr. Prince of any right as protected under the Eighth or Fourteenth Amendments to the United States Constitution, 42 U.S.C. § 1983 or any other state or federally protected right or privilege.

## SIXTH AFFIRMATIVE DEFENSE

At no time did these Defendants demonstrate any indifference, deliberate or otherwise, toward any legitimate and/or serious medical need of Mr. Prince.

## SEVENTH AFFIRMATIVE DEFENSE

At no time did these Defendants fail to provide necessary medical care or otherwise refuse to treat or intentionally maltreat Mr. Prince.

## EIGHTH AFFIRMATIVE DEFENSE

At all times Mr. Prince was provided reasonable and appropriate treatment in accordance with applicable state and federal laws and the United States Constitution and the Constitution of the Commonwealth of Pennsylvania.

## NINTH AFFIRMATIVE DEFENSE

Defendants plead as defenses all limitations on damages imposed by 42 U.S.C. §1997e and 42 Pa.C.S.A. § 6601 *et seq.*, including but not limited to the limitation on recovery for mental or emotional injury and limitations on attorneys' fees.

## TENTH AFFIRMATIVE DEFENSE

Any injuries and/or damages actually sustained by plaintiff or Mr. Prince, which are herein specifically denied, were caused by himself or other persons, entities or events, over which answering Defendants had no control or duty to control.

## ELEVENTH AFFIRMATIVE DEFENSE

The treatment afforded Mr. Prince was, at all material times, in accordance with the applicable standards of medical and/or mental health care.

## TWELFTH AFFIRMATIVE DEFENSE

Defendants plead all defenses afforded to them pursuant to the MCARE Act at 40 P.S. §1303.101 *et seq.*

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to allege and/or set forth a cognizable claim for punitive damages against defendants.

Respectfully submitted,

MEYER UNKOVIC & SCOTT, LLP

*/s/ Kathryn M. Kenyon*
Kathryn M. Kenyon, Esquire
PA ID. # 82262
535 Smithfield Street, Suite 1300
Pittsburgh, PA 15222
(412) 456-2840
kmk@muslaw.com

*Counsel for Corizon Health, Inc., David Humpreys,*
*Barfield and Sarah Patterson as Administratrix of*
*the Estate of Dr. Michael Patterson*

2166383.1

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 27, 2016, a true and correct copy of the foregoing **ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT** was filed electronically.  Parties may access this filing through the Court's ECF/PACER system.


MEYER UNKOVIC & SCOTT LLP


*/s/ Kathryn M. Kenyon*
Kathryn M. Kenyon, Esquire