2177483

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER PRINCE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 15-1202 |
| | ) | |
| v. | ) | Magistrate Judge Eddy |
| | ) | |
| CORIZON HEALTH, INC., et al., | ) | Judge McVerry |
| | ) | |
| Defendants. | ) | |

## RULE 26(f) REPORT OF THE PARTIES

1.  **Identification of counsel and unrepresented parties.**  Set forth the names, addresses, telephone and fax numbers and e-mail addresses of each unrepresented party and of each counsel and identify the parties whom such counsel represents:

Kathryn M. Kenyon
kmk@muslaw.com
PA ID. # 82262
MEYER, UNKOVIC & SCOTT LLP
535 Smithfield Street
Pittsburgh, PA  15222
(412) 456-2800
(412) 456-2864 (f)

*Counsel for Defendants, Corizon Health, Inc., Estate of Dr. Patterson, Dr. Barfield and David Humphreys*

Louis Kroeck
lkroeck@gmail.com
ANSTANDIG, MCDYER,
& YURCON, P.C.
Gulf Tower - Suite 1300
707 Grant Street
Pittsburgh, PA 15219

*Counsel for Plaintiff*

Dennis R. Biondo, Jr.
dennis.biondojr@alleghenycounty.us
ALLEGHENY COUNTY LAW
DEPARTMENT
300 Fort Pitt Commons Building
445 Fort Pitt Boulevard
Pittsburgh, PA 15219
(412) 350-1150

*Counsel for Allegheny County Defendants*

2177483

2. **Set forth the general nature of the case** (patent, civil rights, anti-trust, class action, etc.):

   Plaintiff, Christopher Prince, has asserted claims against defendants for violating 42 U.S.C. § 1983 and/or state law claims of negligence with regard to medical care and other treatment rendered to Mr. Prince while he was incarcerated at the Allegheny County Jail.

3. **Date Rule 26(f) Conference was held, the identification of those participating therein and the identification of any party who may not yet have been served or entered an appearance as of the date of said Conference:**

   The Rule 26(f) Conference was held on June 27, 2016  In attendance were Katie Kenyon for the Medical Defendants; Dennis Biondo for the Allegheny County defendants; and Louis Kroeck for plaintiff.

4. **Date of Rule 16 Initial Scheduling Conference as scheduled by the Court:**

   The Rule 16 Initial Scheduling Conference is scheduled for August 3, 2016 at 10:00 a.m.

5. **Identify any party who has filed or anticipates filing a dispositive motion pursuant to Fed. R. Civ. P. 12 and the date(s) by which any such anticipated motion may be filed:**

   All Fed.R.Civ.P.12 motions have been filed and decided.  No party anticipates further Rule 12 Motions.

6. **Designate the specific Alternative Dispute Resolution (ADR) process the parties have discussed and selected, if any, and specify the anticipated time frame for completion of the ADR process.  Set forth any other information the parties wish to communicate to the court regarding the ADR designation:**

   The parties discussed Early Neutral Evaluation as the ADR process to select as defendants' overall evaluation of the case would not lead to productive settlement discussions.  The anticipated time frame for completion of the ADR process is August – September 2016 with the Honorable Kenneth J. Benson.

7. **Set forth any change that any party proposes to be made in the timing, form or requirements of Fed. R. Civ. P. Rule 26(a) disclosures, whether such change is opposed by any other party, whether any party has filed a motion seeking such change and whether any such motion has been ruled on by the Court:**

   None.

8. **Subjects on which fact discovery may be needed.** (By executing this report, no party shall be deemed to (1) have waived the right to conduct discovery on subjects not listed herein or (2) be required to first seek the permission of the Court to conduct discovery with regard to subjects not listed herein):

   The parties anticipate that discovery will be conducted regarding the plaintiff's claims against the defendants; the defenses raised by the defendants; the existence, whereabouts and knowledge of witnesses; and the plaintiff's claimed damages.

9. **Set forth suggested dates for the following.** (The parties may elect by agreement to schedule a Post-Discovery Status Conference, as identified in Paragraph 12, below, at the conclusion of Fact-Discovery rather than at the conclusion of Expert Discovery. In that event, the parties should provide suggested dates only for the events identified in sub-paragraphs 9.a through 9.e, below. The parties shall provide such information even if dispositive motions pursuant to Fed. R. Civ. P. 12 have been or are anticipated to be filed. If there are dates on which the parties have been unable to agree, set forth the date each party proposes and a brief statement in support of each such party's proposed date. Attach to this report form a proposed Court Order setting forth all dates agreed to below and leaving a blank for the insertion of a date by the Court for any date not agreed to):

   a. **Date(s) on which disclosures required by Fed. R. Civ. P. 26(a) have been or will be made:**

      August 12, 2016

   b. **Date by which any additional parties shall be joined:**

      August 26, 2016

   c. **Date by which the pleadings shall be amended:**

      September 9, 2016

   d. **Date by which fact discovery should be completed:**

      December 9, 2016

   e. **If the parties agree that discovery should be conducted in phases or limited to or focused on particular issues, identify the proposed phases or issues and the dates by which discovery as to each phase or issue should be completed:**

      N/A

   f. **Date by which plaintiff's expert reports should be filed:**

        The parties propose that this deadline be set at a Post-Discovery Status Conference following the completion of fact discovery.

    **g.**    **Date by which depositions of plaintiff's expert(s) should be completed:**

        The parties propose that this deadline be set at a Post-Discovery Status Conference following the completion of fact discovery.

    **h.**    **Date by which defendants' expert reports should be filed:**

        The parties propose that this deadline be set at a Post-Discovery Status Conference following the completion of fact discovery.

    **i.**    **Date by which depositions of defendant's expert(s) should be completed:**

        The parties propose that this deadline be set at a Post-Discovery Status Conference following the completion of fact discovery.

    **j.**    **Date by which third party expert's reports should be filed:**

        The parties propose that this deadline be set at a Post-Discovery Status Conference following the completion of fact discovery.

    **k.**    **Date by which depositions of third party's expert(s) should be completed:**

        The parties propose that this deadline be set at a Post-Discovery Status Conference following the completion of fact discovery.

**10.** If the parties agree that changes should be made to the limitations on discovery imposed or Local by the Federal Rules of Civil Procedure Rule or that any other limitations should be imposed on discovery, set forth such changes or limitations:

The parties agree that the limit of 10 depositions (F.R.C.P. 30(a)(2)(A)(i)) should be suspended.

**11.** Set forth whether the parties have considered the need for special deadlines, procedures or orders of court dealing with discovery of electronically-stored information (electronic discovery), including the need for the preservation of discoverable information and the protection of the right to assert privilege(s) after the production of privileged information and if so, set forth the results of such consideration. In particular, answer the following questions:

    **a.**    <u>ESI</u>. Is either party seeking the discovery of ESI in this case? ☐ Yes  X  Not at this time based on the parties' anticipated disclosures.

        If disputed, identify the nature of the dispute _____

    b.    <u>Metadata</u>: Will any metadata be relevant in this case? ☐ Yes  X No

        If yes, with respect to what ESI \_\_\_\_

        If disputed, identify the nature of the dispute \_\_\_

    c.    <u>Format</u>. Have the parties agreed on the format(s) for production of ESI? ☐ Yes  ☐ No  X N/A. In the event ESI is warranted, the parties will work together on a format.

        If no, what disputes remain outstanding _____

    d.    <u>Clawback Agreement</u>. Will the parties be using the Form Inadvertent Production Provision of LCvR 16.1.D? X Yes  ☐ No

        If no, will an alternative provision be proposed? ☐ Yes (Please attach)  ☐ No

    e.    <u>Search terms</u>. Have the parties agreed on any protocol for review of electronic data? ☐ Yes  ☐ No  X N/A. In the event ESI is warranted, the parties will work together on a protocol.

        If yes, please describe _____

        If no, please identify what issues remain outstanding _____

    f.    <u>Accessibility</u>. Have the parties agreed on what ESI is "reasonably accessible" as defined in R. 26(b)(2)(B)? X Yes  ☐ No

        If no, please identify the nature of the dispute _____

    g.    <u>Preservation</u>. Are there any unresolved issues pertaining to the preservation of ESI? If so, please describe <u>There are no issues known to the parties at this time.</u>

    h.    <u>Other</u>. Identify all outstanding issues or disputes concerning ESI <u>The parties have not identified any outstanding issues or disputes at this time.</u>

12.    Set forth whether the parties have elected to schedule the Post-Discovery Status Conference following the completion of Fact Discovery or Expert Discovery; in either event the parties shall be prepared at the Post-Discovery Status Conference to discuss and/or schedule the following: (The parties are *not* required during their Rule 26(f) Conference to consider or propose dates for the items identified below. Those dates will be determined, if necessary, at the Post-Discovery Status Conference. Lead trial counsel for each party and each unrepresented party are required to attend the Post-Discovery Status Conference with their calendars in hand to discuss those items listed below that require scheduling. In addition, a representative with settlement authority of each party

shall be required to attend; representatives with settlement authority of any insurance company providing any coverage shall be available throughout the Conference by telephone):

The parties have elected to schedule a Post-Discovery Status Conference following the completion of fact discovery.

    a.    **Settlement and/or transfer to an ADR procedure;**

    b.    **Dates for the filing of expert reports and the completion of expert discovery as itemized in sub-paragraphs 9.f. through 9.k., above, if the parties elected to defer such discovery until after the Post-Discovery Status Conference;**

    c.    **Dates by which dispositive motions pursuant to Fed. R. Civ. P. 56, replies thereto and responses to replies should be filed;**

    d.    **Dates by which parties' pre-trial statements should be filed;**

    e.    **Dates by which *in limine* and *Daubert* motions and responses thereto should be filed;**

    f.    **Dates on which motions *in limine* and *Daubert* motions shall be heard;**

    g.    **Dates proposed for final pre-trial conference;**

    h.    **Presumptive and final trial dates.**

13. Set forth any other order(s) that the parties agree should be entered by the court pursuant to Fed. R. Civ. P. 16(b) or 26(c):

    The parties agree that a stipulated protective order need not be entered at this time but reserve the right to revisit such an order if needed.

14. Set forth whether the parties anticipate that the court may have to appoint a special master to deal with any matter and if so, specify the proposed role of any such master and any special qualifications that such master may require to perform such role:

    The parties do not anticipate that the Court may have to appoint a special master.

15. If the parties have failed to agree with regard to any subject for which a report is required as set forth above, except for proposed dates required in paragraph 9, above, briefly set forth the position of each party with regard to each matter on which agreement has not been reached:

    N/A

16. Set forth whether the parties have considered the possibility of settlement of the action and describe briefly the nature of that consideration:

The parties generally discussed settlement but defendants' evaluation of the case would not lead to productive settlement discussions. The parties have agreed to participate in good faith in the ADR process.

Respectfully submitted,

By: */s/ Kathryn M. Kenyon*
Kathryn M. Kenyon
PA ID. # 82262
MEYER, UNKOVIC & SCOTT LLP
535 Smithfield Street
Pittsburgh, PA 15222
(412) 456-2800
(412) 456-2864 (f)

By: */s/ Dennis R. Biondo, Jr.*
Dennis R. Biondo, Jr.
ALLEGHENY COUNTY LAW DEPARTMENT
300 Fort Pitt Commons Building
445 Fort Pitt Boulevard
Pittsburgh, PA 15219
(412) 350-1150

By: *Louis Kroeck*
Louis Kroeck
ANSTANDIG, MCDYER,
& YURCON, P.C.
Gulf Tower - Suite 1300
707 Grant Street
Pittsburgh, PA 15219